In the June 22, 1992, issue of The New Yorker, at page 28, a cartoon depicts a robed judge on the bench, with fingers touching and a pontificating smile, who says: "Call it 'legislating from the bench,' if you will, but on this occasion I should like to repeal the First Amendment."
After reading Justice Maddox's excellent dissent, as one who is voting with the majority, I felt like a fellow traveler with the judge in the aforementioned satirical drawing. I write to address Justice Maddox's dissent.
Does New York Times Co. v. Sullivan, 376 U.S. 254,84 S.Ct. 710, 11 L.Ed.2d 686 (1964), protect the publication of known lies about a political opponent made for the sole purpose of gaining a political advantage? If it does, my vote is wrong.New York Times protects debate on public issues that is "uninhibited"[2] ("Not inhibited; open. . . . Free from the expected social or moral constraints"); "robust" ("vigorous; hardy, *Page 930 
boisterous, rough"); "wide-open" ("Opened completely. . . . Without laws or law enforcement"); "vehement" ("Characterized by forcefulness of expression or intensity of emotion, passion, or conviction; ardent; emphatic. . . . Marked by or full of vigor or energy; strong; violent"); and "caustic" ("Marked by sharp and bitter wit; cutting"). New York Times protects debate that uses "unpleasantly sharp attacks." 376 U.S. at 270,84 S.Ct. at 721.
I am aware of the statement that "[t]he constitutional protection does not turn upon 'the truth . . . of the ideas and beliefs which are offered.' " 376 U.S. at 271, 84 S.Ct. at 721. But does this not merely protect a defamatory untruth made without actual malice? Yes. How can actual malice be proven? By proof that the false or defamatory statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. at 280, 84 S.Ct. at 726.
To me, the holding in New York Times is this: "[T]here was no evidence whatever that the New York Times Company was aware of any erroneous statements or [was] in any way reckless in that regard. The judgment against the New York Times Company is thus without constitutional support." 376 U.S. at 286,84 S.Ct. at 729.
In the case at issue, there is clear and convincing evidence of actual malice. This, in my opinion, distinguishes this case from New York Times. Therefore, the trier of fact should determine whether the television commercial was defamatory, untrue, and made with knowledge of the falsity or with a reckless disregard of whether it was false or not.
The First Amendment does not make a person who seeks public office a pariah. The First Amendment is not at odds with Truth; the First Amendment was promulgated by our forebears to ensure that Truth will out.
[2] All definitions are from The American Heritage Dictionary ofthe English Language (1969).